```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN J. McCARTHY,              :
        Plaintiff
                               :

        vs.                    :   CIVIL NO. 1:CV-07-1148

                               :
WARDEN, USP Allenwood;
JOHN DOE AGENTS, USP Allenwood; :
DIRECTOR OF THE BUREAU
OF PRISONS;                    :
        Defendants
```

M E M O R A N D U M

*I.    Introduction*

John J. McCarthy, a prisoner at U.S.P. Lewisburg, seeks to bring this action (doc. 1) in forma pauperis pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq. McCarthy submitted an Application to Proceed In Forma Pauperis (doc. 6); therefore, we review his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine if it is frivolous or malicious, it fails to state a claim upon which relief may be granted, or it seeks monetary relief from a defendant who is immune from such relief. Upon review of McCarthy's filings, we will deny the IFP application and order that the clerk of court withdraw the complaint for failure to pay the filing fee.

*II.   Background*

McCarthy's pending action arises from an incident which occurred on September 17, 2006, while he was incarcerated at U.S.P. Allenwood.  McCarthy claims that when he arrived at U.S.P. Allenwood, he notified John Doe staff members as well as prison health officials that other prisons had placed him on "single cell status."  (doc. 1, ¶ 3).  This classification, according to McCarthy, was based on his mental health and medication that caused him to experience "involuntary movements" and "violent and suicidal ideations."  *Id*.

McCarthy claims that despite notifying U.S.P. Allenwood officials of his limitations, prison officials issued several disciplinary reports and forced him to live "in an overcrowded four man cell with three well known extremely violent prisoners."  *Id*. ¶ 4.  According to McCarthy, prison officials "were deliberately indifferent to [his] medical, mental health needs and recklessly indifferent to his well known housing needs" even though two-man and single cells were available.  *Id*.  After his placement in the four-man cell, McCarthy contends that he was attacked by his three cellmates and, as a result, he suffered numerous physical and mental injuries.  *Id*. ¶¶ 5, 6.  McCarthy seeks one-million dollars in damages as well as an injunction ordering the prison to place him in single-cell classification.  *Id*. ¶¶ 7, 8.

*III. Discussion*

The Prison Litigation Reform Act ("PLRA"), enacted in response to congressional concern regarding the number of frivolous prisoner lawsuits in federal courts, amended the in forma pauperis statute with respect to prisoners. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). Pursuant to the PLRA's amendment, "a prisoner who is allowed to proceed I.F.P. is not excused from paying filing fees, but is only excused from *pre-paying* them in full if they meet certain criteria." *Id*. Thus, the prisoner proceeding IFP must pay a partial filing fee followed by installment payments until the entire fee has been paid. *Id.*

The PLRA also added 28 U.S.C. § 1915(g), the so-called "three-strikes" rule, limiting a prisoner from proceeding IFP if a court has dismissed three or more of his prior lawsuits.[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] We note that § 1915(g) does not preclude a prisoner from initiating a lawsuit in federal court. Instead it strips the prisoner of the ability to file the lawsuit prior to paying the entire filing fee. *Abdul-Akbar*, 239 F.3d at 314.

The statute, however, contains an exception to the three-strikes rule for a prisoner who is in "imminent danger of serious physical injury." This exception requires a showing that the danger of serious physical injury was imminent at the time the complaint was filed, not at the time of the alleged incident. *Abdul-Akbar*, 239 F.3d at 312 (overruling *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997)). Thus, past danger is insufficient; "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id*. at 313. Instead, "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id*. at 315.

We will deny McCarthy's application to proceed in forma pauperis based on § 1915(g). First, we note that McCarthy is a prisoner within the meaning of § 1915(g) as he is currently incarcerated at U.S.P. Lewisburg.[2] Second, as discussed below, McCarthy's application to proceed in forma pauperis, as well as our own research, reveals that he has filed three or more actions that have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be

---

[2] 28 U.S.C. § 1915(h) defines a "prisoner" as: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." The Bureau of Prisons Inmate Locator reveals that McCarthy is currently incarcerated at U.S.P. Lewisburg. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

4

granted. *See* doc. 6, ¶ 3.[3] Third, as we also discuss below, we reject McCarthy's claim that he falls within the imminent danger exception to § 1915(g).

Our review of the lawsuits McCarthy has filed while incarcerated confirms his admission that he is beyond § 1915's three-strike limit. We have previously addressed McCarthy's repeated filing of civil rights actions which were terminated as frivolous, without merit, or for failure to prosecute. *See McCarthy v. Warden, U.S.P. Lewisburg*, No. 1:CV-99-1587 (M.D. Pa. Apr. 13, 2000) (doc. 5). There, we noted eight cases filed by McCarthy that were terminated as frivolous, without merit, or for failure to prosecute. *Id*.[4] We also ordered that McCarthy show cause as to why he should not be enjoined from filing subsequent lawsuits in this district without prior leave of the Court. *Id*. at 2.

The United States District Court for the District of Connecticut entered an injunction against McCarthy for similar

---

[3] We note, however, that in response to a question on his form complaint requiring the caption and case number of lawsuits he had previously filed, McCarthy curiously responded: "None that I know of." (doc. 1, pt. I.A.).

[4] While these cases occurred before the PLRA, the three-strikes provision extends to dismissals prior to the passage of the PLRA. *See Keener v. Pennsylvania Bd. of Probation and Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that dismissals based on frivolousness before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'") (quoting 28 U.S.C. § 1915(g)).

reasons.  *See McCarthy v. Meachum*, 1996 WL 905938, 94-CV-238 (D. Conn. Nov. 15, 1996).  The court, after detailing the 136 cases filed by McCarthy between 1991 and 1996, concluded that an injunction was "necessary to ensure that McCarthy does not continue his abuse of the legal process."  *Id*. at *2.  Therefore, we conclude that McCarthy is subject to § 1915's three-strikes rule.[5]

Finally, McCarthy's IFP application is not saved by the imminent danger exception.  As explained, a prisoner may proceed in forma pauperis despite the three-strikes rule upon showing that at the time of filing, the prisoner faced an imminent danger of serious physical injury.  *Abdul-Akbar*, 239 F.3d at 312.  In his IFP application, McCarthy claims that he falls within this exception because "[his] personal safety is in jeopardy as set forth in the Complaint."  (doc. 6, ¶ 3(b)).  McCarthy's complaint alleges an assault which took place when he entered U.S.P. Allenwood.  At the time he filed the complaint, however, McCarthy was incarcerated at U.S.P. Lewisburg.  While his personal safety may have been in jeopardy at U.S.P. Allenwood when the alleged assault occurred, McCarthy does not present any claims regarding threats to his safety at U.S.P. Lewisburg, his location at the time he filed the complaint.

---

[5] While we do not do so here, we note that we may revisit the injunction discussed in McCarthy's 2000 case if he continues his "course of conduct in which frivolous and invalid claims are often asserted."  *McCarthy v. Warden, U.S.P. Lewisburg*, No. 1:CV-99-1587 (M.D. Pa. Apr. 13, 2000) (doc. 5, p. 2).

Therefore, McCarthy does not fall within the imminent danger exception as interpreted in *Abdul-Akbar*.  Accordingly, he may not proceed in forma pauperis.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 18, 2007

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN J. McCARTHY,                  :
        Plaintiff
                                   :

        vs.                        :   CIVIL NO. 1:CV-07-1148

                                   :
WARDEN, USP Allenwood;
JOHN DOE AGENTS, USP Allenwood;    :
DIRECTOR OF THE BUREAU
OF PRISONS;                        :
        Defendants
```

O R D E R

AND NOW, this 18th day of July, 2007, upon consideration of Plaintiff John J. McCarthy's Complaint (doc. 1) and Application to Proceed In Forma Pauperis (doc. 6), pursuant to 28 U.S.C. § 1915(g), it is ordered that:

   1.  Plaintiff's Application to Proceed In Forma Pauperis is denied;

   2.  Plaintiff's Complaint is deemed withdrawn for failure to pay the $350.00 filing fee;

   3.  The Clerk of Court is directed to close the file.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge